IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 15, 2019

**STATE OF TENNESSEE v. DEMARCUS LAMONT GONNER**

**Appeal from the Criminal Court for Davidson County**
**No. 2015-C-1857    Steve R. Dozier, Judge**

_____

**No. M2018-01969-CCA-R3-CD**

_____

Pro se Petitioner, Demarcus L. Gonner, appeals from the Davidson County Criminal Court's summary denial of his motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT H. MONTGOMERY, JR., JJ., joined.

Demarcus L. Gonner, Pikeville, Tennessee, Pro se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; Glenn Funk, District Attorney General; and Jennifer Charles, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

In 2015, a Davidson County Grand Jury indicted the Petitioner with alternative counts of first degree murder, felony murder, and especially aggravated robbery of the same victim. In 2017, pursuant to a plea agreement, the Petitioner entered a guilty plea to a single count of second degree murder and agreed upon a sentence of 43 years to be served at one hundred percent. As relevant to this case, the special conditions section of the judgment form provided that the guilty plea was "pursuant to State v. Hicks," and that the remaining counts in the indictment were dismissed. On August 31, 2018, the Petitioner filed a "Motion to Correct Illegal Sentence," pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. In his motion, the Petitioner argued that he was entitled to relief because his "43-year sentence as a Range I offender for second degree murder [was] not permitted by the 1989 Act[.]" He further argued that his sentence

should be "corrected to 25-years (the maximum sentence for a [R]ange I offender for second degree murder)." On October 11, 2018, by written order, the trial court denied the Petitioner's motion, reasoning, in pertinent part, that the Petitioner's 43-year sentence was within the overall sentencing range for a Class A felony; therefore, the Petitioner failed to state a colorable claim for Rule 36.1 relief. It is from this order that the Petitioner now timely appeals.

## ANALYSIS

In this appeal, the Petitioner argues that the trial court erred in failing to find his 2017 sentence illegal because his 43-year sentence was beyond the maximum allowable sentence for a Range I, Standard Offender under Tennessee Code Annotated section 40-35-112(a)(1) (2010).[1] He insists that the maximum allowable sentence for a Range I, Standard Offender convicted of a Class A felony is 25 years, and that a 43-year sentence is in contravention of section 40-35-112(a)(1) and therefore illegal. While the State concedes that Petitioner's 2017 sentence is beyond the range set by section 112 for a Range I offender convicted of a Class A felony, it contends that plea-bargained sentences are not illegal when they are below the overall statutory maximum sentence for the convicted crime, regardless of the offender's section 112 range classification. We agree with the State.

We resolve this case guided by Rule 36.1, which allows a petitioner or the State to seek the correction of an unexpired illegal sentence. See Tenn. R. Crim. P. 36.1(a)(1); State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, the petitioner must establish a colorable claim that the sentence is illegal. Tenn. R. Crim. P. 36.1(b)(2). A colorable claim is a claim "that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015). The determination of whether a Rule 36.1 motion states a colorable claim is a question of law, which this court reviews de novo. Id. at 589 (citing Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007)).

Relying on McConnell v. State, 12 S.W.3d 795 (Tenn. 2000), the Petitioner contends that his 43-year sentence is illegal because it is outside the sentencing range for a Range I, Standard Offender. However, the Petitioner's reliance on McConnell is

---

[1] In a subsequent filing entitled "Appellant's Traverse to State's Brief," the Petitioner also argues for the application for the rule of lenity. Because this issue was not raised in the Petitioner's initial brief, it is waived. See Tenn. R. App. P. 13(b).

misplaced. In <u>McConnell</u>, the Tennessee Supreme Court vacated and remanded a 35-year sentence for a Range I offender convicted of a Class A felony because it was beyond what was authorized by the Criminal Sentencing Reform Act of 1989, and therefore illegal. <u>Id.</u> at 800. As our courts have since explained, the primary issue addressed in <u>McConnell</u> was not that the defendant had been sentenced to an improper range, but rather, that the sentence had been expressed in terms of the 1982 sentencing statute. <u>See Hoover v. State</u>, 215 S.W.3d 776, 780 (Tenn. 2007) (noting that the sentence in <u>McConnell</u> was determined to be illegal because the plea agreement was structured pursuant to a wholly inapplicable statute); <u>Bland v. Dukes</u>, 97 S.W.3d 133, 135 (Tenn. Crim. App. 2002) (noting that the judgment in <u>McConnell</u> was deemed facially void because the defendant was sentenced under the 1982 Act and the forty percent release eligibility status did not exist under the 1989 Act); <u>State v. James Sellars</u>, No. M2013-02380-CCA-R3-PC, 2014 WL 2884546, at * 2 (Tenn. Crim. App. June 24, 2014) (same). <u>McConnell</u> did not alter "the ability of the State and defendants to use offender classification and release eligibility as subjects of plea bargain negotiations[,]" <u>McConnell</u>, 12 S.W.3d at 798, and a plea-bargained sentence remains legal so long as it does not exceed the overall maximum punishment for the authorized offense. <u>Hoover</u>, 215 S.W.3d at 781.

Here, the record shows that the Petitioner entered a guilty plea to second degree murder, a Class A felony. For a Range I, Standard Offender, the penalty for a Class A felony is between 15 and 25 years imprisonment, <u>see</u> Tenn. Code Ann. § 40-35-112(a)(1), and the overall maximum sentence authorized for a Class A felony is 60 years' imprisonment, <u>see</u> Tenn. Code Ann. § 40-35-111 (b)(1). Although the Petitioner was designated as a standard offender for offender status purposes, he was sentenced outside the range to 43 years' imprisonment. Significantly, the judgment form notes that his guilty plea was pursuant to <u>Hicks v. State</u>, 945 S.W.2d 706, 709 (Tenn. 1997), which reflects that the Petitioner entered "a knowing and voluntary guilty plea [and] waive[d] any irregularity as to offender classification or release eligibility." As such, even though the agreed upon 43-year sentence exceeds the maximum available penalty for a Range I, Standard Offender, it does not exceed the overall maximum punishment authorized by law for the offense. Because the Petitioner's 43-year sentence is within the permissible statutory limits for a Class A felony, his sentence is not illegal. <u>See e.g.</u>, <u>State v. Donquise Tremonte Alexander</u>, No. M2015-02098-CCA-R3-CD, 2016 WL 768894, at *2 (Tenn. Crim. App. Feb. 29, 2016) (affirming denial of Rule 36.1 relief upon concluding that the defendant's plea-bargained sentence did not exceed the maximum punishment authorized for second degree murder and therefore was not illegal); <u>State v. Kari Diane Speck</u>, No. M2016-00254-CCA-R3-CD, 2016 WL 4199204, at *1 (Tenn. Crim. App. Aug. 8, 2016) (same). Accordingly, the Petitioner has failed to state a cognizable claim under Rule 36.1, and he is not entitled to relief.

## CONCLUSION

Based on the above reasoning and authority, we affirm the judgment of the trial court.

_____
CAMILLE R. MCMULLEN, JUDGE